RECEIVED
AUG - 4 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| CAROLYN GREEN, *et al* | CIVIL ACTION NO.: 05-0371 |
| VERSUS | JUDGE DOHERTY |
| LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, *et al* | MAGISTRATE JUDGE HILL |

## **MEMORANDUM RULING**

Pending before this Court are two Motions to Consolidate and to Transfer this matter to the Lake Charles Division of the Western District of Louisiana.[1] The first motion was filed on behalf of defendants, the Louisiana Department of Public Safety and Corrections, Sgt. Thibodeaux, Sgt. Overmeyer, Sgt. Jacobs, Sgt. Perkins, Sgt. Williams, Lt. Smith, Capt. Cloud, Capt. Lopez, Maj. Wilson, Lt. Col. Smith, Asst. Warden Williams, Warden Rodgers, Warden Hubert, Unknown Persons in St. Gabriel, Nurse Bordelon and Dr. Snyder. The second motion was filed on behalf of defendant, The GEO Group, Inc. Defendants argue that this matter should be consolidated with a virtually identical suit, involving the same parties and arising out of the same incidents, and then transferred to the Lake Charles Division of the Western District of Louisiana for the convenience of all parties, as well as in the interest of justice. The motion to transfer is opposed by the plaintiff, while the motion to consolidate is unopposed. All briefing has been completed and the matter is under advisement by the Court.

---

[1] Although both defendants style their motions simply as "Motion to Consolidate," they both argue within their briefs that this matter should be transferred to the Lake Charles Division. As such, this Court will consider these motions as both motions to consolidate and motions to transfer.

## FACTS & PROCEEDINGS

Plaintiffs have filed several identical suits, pursuing damages under federal and state law, in multiple federal and Louisiana state courts, alleging that while in the custody of the Louisiana Department of Public Safety and Corrections, Oliver J. Green was repeatedly beaten and subsequently denied proper medical treatment, ultimately resulting in his death. The vast majority of these actions allegedly occurred in DeQuincy and Kinder, Louisiana, both of which are in the Lake Charles Division of the Western District.[2] Plaintiffs filed a lawsuit with this Court and a second lawsuit in the 18th Judicial District Court for the Parish of Iberville.[3] Defendants removed the state court suit to the United States District Court for the Middle District of Louisiana. That case was subsequently transferred by defendants, with consent of plaintiffs, to the Western District of Louisiana. Defendants are now asking this Court to consolidate these two matters and then transfer the consolidated cases to the Lake Charles Division. The Court will first address the motion to transfer.

## DISCUSSION

This Court has the authority, under certain circumstances, to transfer a lawsuit to another district or division. 28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

---

[2] The only other geographical area where plaintiffs allege the incidents leading to Mr. Green's death occurred is Iberville Parish. Mr. Green spent two days in Iberville prior to his death. St. Gabriel is in the Middle District of Louisiana.

[3] Plaintiffs also filed suit in the 36th Judicial District Court for the Parish of Beauregard. However, that is irrelevant for purposes of this motion.

The first determination that must be made under a § 1404(a) analysis is whether the action "might have been brought" in the district and division to which the transfer is sought. Plaintiffs have not expressed any doubts that they "might have brought" their claims in the Lake Charles Division of the Western District rather than the Lafayette-Opelousas Division of the same district. Because the Lake Charles Division is located within the same district as is this Court, and because there is no statutory or other requirement that a cases brought in a proper judicial district must be heard by a particular division within that district, the Court finds that this action clearly "might have been brought" in the Lake Charles Division. For these reasons, the first requirement of § 1404(a) is met in this case.

The Court must now turn its attention to whether "[f]or the convenience of parties and witnesses, [and] in the interest of justice," the requested transfer should be ordered. "Convenience" turns on the consideration of a number of public and private interest factors, none of which are of dispositive weight. Actions Industries Inc. v. United States Fidelity & Guaranty Company, 358 F.3d 337, 340 (5th Cir. 2004). The private interest factors to be considered are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all of the practical problems that make trial of a case easy, expeditious, and inexpensive." Id. at 340 n.8. The public concerns which should be considered by a court when considering the transfer of a case to another division are: (1) the administrative difficulties flowing from court congestion; (2) the local interests in having localized controversies decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or the application of foreign law. Id.

Because the transfer being requested by the defendants is to another division of the same district in which this Court sits, many of the concerns identified by the Fifth Circuit are simply irrelevant to this Court's consideration of the motion. There are no known differences between this Court and the court in the Lake Charles Division with regard to administrative difficulties flowing from court congestion, familiarity with the law that will govern the case, the avoidance of unnecessary problems with conflicts of laws, the practical problems associated with trying cases, or the availability of compulsory process to secure the attendance of witnesses.

The only factors identified by the Fifth Circuit which this Court must consider - relative ease of access to sources of proof, the cost of attendance for willing witnesses, and local interest in having localized controversies decided at home - all favor the transfer that the defendants have requested. By far, the overwhelming majority of defendants in this matter work in the Lake Charles Division. In fact, of the twenty-four (24) named defendants, only two work in an area other than the Lake Charles Division. The two named defendants not in the Lake Charles division work in Iberville Parish. As previously stated, the suit filed in Iberville Parish was removed to the Middle District and transferred to the Lake Charles division. Not only are the vast majority of defendants (and likely, the witnesses) located in the Lake Charles Division, but plaintiffs, who are residents of Texas, are also closer to the Lake Charles division than the Lafayette-Opelousas Division. Transferring this case to the Lake Charles Division will not only be more convenient for the majority of witnesses, but should also reduce the cost of attendance in court for the parties and witnesses and increase access to sources of proof, as the majority of events took place in the Lake Charles Division. Most important to this Court's consideration however, is the fact that none of the events are alleged to have occurred in the Lafayette-Opelousas Division. It is this Court's opinion that, given the seriousness of the charges against defendants, the merits of those claims should be determined by

4

a jury living in proximity to where the majority of those events occurred. Plaintiffs have failed to convince this Court that the Lafayette-Opelousas Division of the Western District is a more appropriate forum for this matter.

## CONCLUSION

For the foregoing reasons, this Court finds that, for the convenience of the parties and the witnesses and in the interest of justice, this matter should be transferred to the Lake Charles Division of the Western District of Louisiana. The defendants' Motion for Transfer to the Lake Charles Division shall be GRANTED. This Court DECLINES to address defendants' motions to consolidate and the defendant's motion for Partial Dismissal Pursuant to FRCP 12(b)(6) and the 11th Amendment, as it is more appropriate for those motions to be heard in the Lake Charles Division. The Clerk of Court in the Lake Charles Division will reset these motions as instructed by the transferee judge.

Lafayette, Louisiana, this ____1____ day of ____August____, 2004.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE