RECEIVED
IN LAKE CHARLES, LA
DEC - 2 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CAROLYN LEE GREEN AND ROBERT LEON GREEN | : | DOCKET NO. 05-371 |
| VS. | : | JUDGE TRIMBLE |
| LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, ET AL | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the Court is "Defendant's Motion for Partial Dismissal Pursuant to Fed. R. Civ. P. 12(B)(6) and the 11th Amendment" [doc. #5] filed by defendants, the State of Louisiana through the Department of Public Safety and Corrections, Sgt. Thibodeaux, Sgt. Overmeyer, Sgt. Jacobs, Sgt. Perkins, Sgt. Mitchell, Master Sgt. Williams, Lt. Holbrook, Lt. Davis, Lt. Smith, Capt. Harvey, Capt. Thompson, Capt. Cloud, Capt. Lopez, Maj. Brian Wilson, Lt. Col. Smith, Assistant Warden Williams, Warden James Rogers, Warden Cornel Hubert, Unknown Persons in St. Gabriel, Nurse Bordelon and Dr. Snyder. These Defendants move for partial dismissal of Plaintiffs' claims pursuant to Federal Rule 12(b)(6) and the 11th Amendment of the U.S. Constitution. These movers, as well as Defendant, The GEO Group, Inc., also seek to have the Plaintiff, Robert Leon Green, dismissed because of a lack of standing.

## FACTUAL STATEMENT

Plaintiffs, Carolyn Lee Green and Robert Leon Green, bring this action alleging that excessive force and deliberate medical indifference caused the death of their relative, inmate Oliver J. Green. In their complaint, Plaintiffs make the following allegations. From approximately 1999 until his death on February 26, 2004, the decedent, Oliver J. Green, was in the custody of the Department of Public Safety

and Corrections ("DPSC"). Near the end of 2003 until early February 2004, the DPSC placed the decedent in the custody of Warden James Rogers at the C. Paul Phelps Correctional Center ("CPPCC"). Plaintiffs complain that the Corrections Defendants[1] repeatedly beat, kicked, sprayed chemical irritants on, and otherwise battered and assaulted Decedent causing him to develop lung problems that ultimately resulted in his death.

Plaintiffs allege that in early February 2004, the DPSC placed Decedent in the custody of an "Unknown Warden" at the Allen Correctional Center ("ACC") in Kinder, Louisiana. Plaintiffs further allege that a few days before Decedent's death, the DPSC placed him in the custody of Warden Cornel Hubert at the Elayn Hunt Correction Center ("EHCC") in St. Gabriel, Louisiana.

Plaintiffs complain that while at the ACC and EHCC, the Medical Defendants[2] failed to provide proper medical treatment to Decedent which ultimately resulted in his death. Plaintiffs assert claims under 42 U.S.C. § 1983 and state tort law claims under Louisiana Civil Code article 2315, *et seq.* against all defendants.

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted. In considering a Rule 12(b)(6) motion, the Court must accept the factual allegations of the complaint as true and resolve any ambiguities or doubts regarding the

---

[1] The Corrections Defendants, consisting of defendants employed at the CPPCC and acting within the course and scope of their employment are as follows: Sgt. Thibodeaux, Sgt. Overmeyer, Sgt. Jacobs, Sgt. Perkins, Sgt. Mitchell, Master Sgt. Williams, Lt. Holbrook, Lt. Davis, Lt. Smith, Capt. Harvey Capt. Thomson, Capt. Denis Cloud, Capt. Lopez, Maj. Brian Wilson, Lt.Col. John Smith, Assistant Warden Roy Williams and Warden James Rogers.

[2] The Medical Defendants for purposes of this motion consist of the following: Warden Hubert at EHCC, "Unknown Persons in St. Gabriel" employed at EHCC, Nurse Bordelon and Nurse Snyder.

sufficiency of the claim in plaintiff's favor.[3] "In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. . . ."[4] "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[5] "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial."[6]

*Is Plaintiff, Robert Leon Green entitled to relief?*

Plaintiff, Robert Leon Green, is the brother of decedent. Louisiana Civil Code article 2315.2 provides who may bring suit to recover damages they sustained as the result of a wrongful death. Specifically § 3 provides that a person may bring suit if he/she is "[t]he surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving." The other plaintiff in this action is Carolyn Lee Green, mother of the decedent. Because the decedent was survived by a parent, decedent's brother, Robert Leon Green, may not bring an action for damages for his brother's alleged wrongful death.

*Warden Cornel Hubert*

Warden Cornel Hubert is named in the Complaint as a Medical Defendant at the EHCC. Plaintiff alleges that the Medical Defendants failed to provide proper medical treatment to Decedent

---

[3] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Fernandez-Montes v. Allied Pilots Ass'n.* 987 F.2d 278, 284 (5th Cir. 1993); *Brumberger v. Sallie Mae Servicing Corp.*, 2003 WL 1733548, *1 (E.D. La. March 28, 2003).

[4] *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

[5] *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).

[6] *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).

3

after being placed in Warden Hubert's custody at the EHCC, and /or they failed to timely diagnose and treat Decedent with pneumonia. Plaintiff alleges a claim for damages under state and federal law.

Plaintiff argues that because they allege that the Medical Defendants failed to timely diagnose and treat Decedent, allegations which must be accepted as true, they have an action under state law.[7] Plaintiff makes no argument to support a § 1983 claim against Warden Hubert.

*§ 1983 claims*

In order to hold a defendant liable under 42 U.S.C. § 1983, Plaintiff must allege facts to show (1) that a constitutional right has been violated, and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor.[8]

It is well settled that supervisory officials may not be held liable under § 1983 under the doctrine of *respondeat superior*.[9] To be liable under § 1983, a supervisory official must be personally involved in the act causing the alleged constitutional deprivation, or must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights.[10]

Plaintiff fails to make sustainable allegations which would establish supervisory liability on the part of Warden Hubert. In order to establish a defendant's personal liability in a civil rights case, Plaintiff must show that the defendant's personal action or inaction violated decedent's civil rights.[11]

---

[7] Plaintiffs' opposition, p. 5. ¶ 2.

[8] *Hessbrook v. Lennon*, 777 F.2d 999, 1005 (5th Cir. 1985).

[9] *Mouille v. City of Live Oak*, 977 F.2d 924 (5th Cir. 1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443 (1993); *Jennings v. Joshua Indep. Sch. Dist.*, 877 F.2d 313 (5th Cir. 1989), *cert. denied*, 496 U.S. 935, 110 S.Ct. 3212 (1990).

[10] *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998).

[11] *Reimer v. Smith*, 663 F.2d 1316, 1322 n. 4 (5th Cir. 1981).

Plaintiff has not alleged sufficient facts that would establish that Warden Hubert was personally involved in the events that form the basis of Plaintiff's claims. Furthermore, Plaintiff fails to allege sufficient facts to establish that Warden Hubert implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. Accordingly, Plaintiff has failed to state a claim pursuant to § 1983 against Warden Hubert.

*State law claims against Warden Hubert*

Plaintiff alleges that Decedent was in the custody of Warden Hubert while at EHCC, and that the Medical Defendants, including Hubert, failed to timely diagnose and treat Decedent for pneumonia resulting in Decedent's death. Plaintiff argues that the Warden's failure to diagnose and treat a person in his custody is actionable under Louisiana State law citing *Gobble v. Baton Rouge Hospital.*[12] We do not find this case helpful to Plaintiff who is asserting that she has alleged sufficient facts to establish a State law action.

Plaintiff makes the conclusory allegation that as a Medical Defendant, Warden Hubert failed to timely diagnose and treat Decedent with pneumonia. The elements of a medical malpractice action that must be established are (1) that the doctor's treatment fell below the ordinary standard of care required, and (2) the substandard care caused the injury sustained.[13] Plaintiff does not allege that Warden Hubert is a medical provider, nor are there any facts alleging that Warden Hubert personally examined or treated Decedent. In addition, Plaintiff's petition does not allege that it has sought review by the medical review panel as required by Louisiana's Medical Malpractice Act.[14] Plaintiff fails to

---

[12] 415 So.2d 425 (La.App. 1st Cir. 5/25/1982).

[13] La.R.S. 9:2794.

[14] La. R.S. 40:1299.41 *et seq.*

5

allege any facts constituting the essential elements of an actionable medical malpractice claim under Louisiana State law. As previously stated, in order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations,[15] and for this reason any state law action against Warden Cornel Hubert must also be dismissed.

*Corrections Defendants*

In her petition, Plaintiff names as Corrections Defendants the following: Sgt. Thibodeaux, Sgt. Overmeyer, Sgt. Jacobs, Sgt. Perkins, Sgt. Mitchell, Master Sgt. Williams, Lt. Holbrook, Lt. Davis, Lt. Smith, Capt. Harvey Capt. Thomson, Capt. Denis Cloud, Capt. Lopez, Maj. Brian Wilson, Lt.Col. John Smith, Assistant Warden Roy Williams and Warden James Rogers. Plaintiff alleges that while in the course and scope of their employment, these Defendants "repeatedly beat, kicked, sprayed chemical irritants on, and otherwise battered and assaulted the Decedent. Also during this time, the Corrections Defendants deprived the Decedent of blankets, protection from the elements, toiletries, and other basic living necessities."[16] "As a result of the actions and omissions of the Corrections Defendants, the decedent developed lung problems that ultimately resulted in his death on February 26, 2004."[17]

Any suit against a state official in his or her official capacity is a suit not against the official, but against the official's office; as such, the suit is no different from one against the state itself.[18] Neither the state nor its officials acting in their official capacities are "persons" under the federal civil rights statute. As to these Defendants being sued in their official capacity, there is no § 1983 cause of

---

[15] *Guidry*, 954 at 281.

[16] ¶ 4, First Supplemental and Amending Petition.

[17] ¶ 5, First Supplemental and Amending Petition.

[18] 42 U.S.C.A § 1983; *Will*, 491 U.S. 58.

action, and the motion to dismiss against these Defendants will be granted.

As to these Defendants being sued in their individual capacity, the Court must accept the factual allegations of the complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in Plaintiffs' favor. Hence, the Court must assume that Plaintiffs are alleging that each of the Corrections Defendants was personally involved in the events that took place at the CPPCC that are the basis of Plaintiffs complaint. Accordingly, the motion to dismiss as to these Corrections Defendants, in their individual capacity, will be denied. However, it should be noted that in order to withstand a summary judgment motion, Plaintiff must establish a genuine issue of material fact for trial concerning each Corrections Defendants' personal participation in the events being complained of in the Complaint.

*State of Louisiana, through the Department of Public Safety and Corrections*

Defendant, DPSC, seeks to be dismissed based upon its Eleventh Amendment immunity. Plaintiffs argue that the DPSC is vicariously liable for the action of its employees, Warden Hubert, and all of the Corrections Defendants. This action was brought pursuant to 42 U.S.C. § 1983 which provides "[e]very person" who, under color of law, subjects a citizen to deprivation of his federal rights shall be liable to that citizen. The states' Eleventh Amendment sovereign immunity bars an action in federal court against a state or a state agency unless the state has consented to suit.[19] Congress, in enacting § 1983, did not intend "to override the traditional sovereign immunity of the states." Thus, neither states nor state agencies are "persons" within the meaning of § 1983.[20] The Eleventh Amendment is a specific constitutional bar against hearing even *federal* claims that otherwise would

---

[19] *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S.Ct. 3057 (1978).

[20] *Laje v. R.E. Thomason Gen Hosp.*, 665 F.2d 724, 727 n.2 (5th Cir. 1982).

be within the jurisdiction of the federal courts.[21] The DPSC is merely an agency of the state, therefore it is not a person within the meaning of § 1983. Accordingly, the DPSC has immunity from all claims and must be dismissed.

*Medical Defendants*

Plaintiff alleges that the DPSC placed Decedent in the custody of Warden Hubert at the EHCC a few days before his death. Plaintiff further alleges that the Medical Defendants at the EHCC and CPPCC failed to provide proper medical treatment to the Decedent, which ultimately resulted in Decedent's death. For purposes of this Motion to Dismiss, Plaintiff names the Medical Defendants as "Unknown Persons in St. Gabriel", Nurse Bordelon, and Dr. Snyder.

To state a claim for inadequate medical care under § 1983, Plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.[22] To demonstrate "deliberate indifference," the prisoner must show that the prison official knew of and disregarded an excessive risk to the prisoner's health.[23] Accordingly, negligence and even gross negligence does not implicate the Constitution and does not provide a basis for a § 1983 claim.[24] "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind."[25] Thus, not every claim of inadequate or improper medical treatment is a

---

[21] *Monaca v. Mississippi*, 292 U.S. 313, 322, 54 S.Ct. 745 (1934).

[22] *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1976).

[23] *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994); See also *Wilson v. Seiter*, 501 U.S. 294, 302-03, 111 S.Ct. 2321 (1991)(holding that a prisoner must show a culpable or punitive state of mind on the part of the prison official accused of violating the Eighth Amendment).

[24] *Id.*

[25] *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).

violation of the Constitution.[26] Complaints of negligence, neglect, unsuccessful treatment, or even medical malpractice do not give rise to constitutional claims.[27]

A prisoner's disagreement with his medical treatment also does not give rise to a claim under § 1983.[28] "Rather, the [prisoner] must show that the official[s] 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'"[29]

Plaintiff makes the conclusory legal allegation that the Medical Defendants failed to timely diagnose and treat the Decedent with pneumonia. Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.[30] Plaintiff fails to allege any facts to establish that these Medical Defendants acted with a sufficiently culpable state of mind that would rise to the level of deliberate indifference to Decedent's safety. Furthermore, Plaintiff fails to allege any facts to demonstrate that the Medical Defendants acted with deliberate indifference. The claims against the Medical Defendants, Unknown Persons in St. Gabriel, Nurse Bordelon, and Dr. Snyder fail to rise to the level of a constitutional violation. Accordingly, the Court finds that Plaintiff's allegations against these Medical Defendants at the EHCC and CPPCC are insufficient to state a claim

---

[26] *Estelle*, 429 U.S. at 105-07.

[27] *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir. 1993); See also *Ruiz v. Estelle*, 679 F.2d 1115, 1149 (5th Cir. 1982)("Neither inadvertent failure to provide adequate medical care, nor carelessness, nor even deliberate failure to conform to the standards suggested by experts is cruel and unusual punishment").

[28] *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

[29] *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d at 756 (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

[30] *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278 (5th Cir. 1993); *Blackburn v. Marshall, City of*, 42 F.3d 925 (5th Cir. 1995); *Davis v. Bayless*, 70 F.3d 367 (5th Cir. 1995).

under § 1983 for deliberate medical indifference.

Finally, Plaintiff alleges a claim for medical malpractice under Louisiana Civil Code article 2315. Again, Plaintiff fails to allege any facts to establish the essential elements of her claim. Plaintiffs have failed to allege the standard of care required, how that standard was breached, and how this breach caused Decedent's death. Accordingly, Plaintiff has failed to allege sufficient facts to state a medical malpractice claim under Louisiana State law.

## CONCLUSION

Based on the foregoing, the Motion to Dismiss will be granted in part and denied in part. Specifically, (1) all claims of Plaintiff, Robert Leon Green, will be dismissed (2) all claims against Warden Cornel Hubert will be dismissed, (3) all claims against the Corrections Defendants in their official capacity will be dismissed, all other claims against the Corrections Defendants will remain pending, (4) all claims against the State of Louisiana, through the Department of Public Safety and Corrections will be dismissed, and (5) all claims against the "Unknown Persons at St. Gabriels", Nurse Bordelon and Dr. Snyder, otherwise known as the Medical Defendants at the EHCC and CPPCC will be dismissed, otherwise, the motion will be denied.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 2nd day of December, 2005.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE